UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON LEE SUTTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>BERNARD WARNER, ET AL.,<br><br>                    Defendants. | No.  4:14-CV-5055-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION OR A TEMPORARY RESTRAINING ORDER** |

Before the Court, without oral argument, is Plaintiff Jason Sutton's Motion for a Preliminary Injunction or a Temporary Restraining Order. ECF No. 29. Plaintiff asks the Court to order that Defendants turn off the in-cell lights in the Intensive Management Unit (IMU) at the Washington State Penitentiary. Defendants oppose the motion, arguing that Plaintiff lacks standing to seek injunctive relief and that he has not met the requirements for obtaining a preliminary injunction. ECF No. 30. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

**I.    BACKGROUND**

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging that Defendants, Washington Department of Corrections officers, violated the Eighth Amendment.

ORDER - 1

Complaint, ECF No. 11-1 at 19. Plaintiff alleges that, on October 23, 2013, following an altercation with another prisoner, he was placed on administrative segregation in the IMU at the Washington State Penitentiary. Complaint, ECF No. 11-1 at 3. While in the IMU, Plaintiff was subjected to constant illumination, and, as a result, he alleges that he experienced sleeping problems, migraines, disorientation, confusion, eye strain, and other physical and psychological symptoms. *Id.* at 4, 14. Plaintiff stated at the December 17, 2014 telephonic scheduling conference that he was released from the IMU in August 2014. *See also* Decl. of Jason Sutton, ECF No. 33 at ¶ 35 (stating that Plaintiff was in the IMU from November 13, 2013 to August 2014).

## II.  LEGAL STANDARD[1]

"A preliminary injunction is not a preliminary adjudication on the merits: it is an equitable device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Textile Unlimited v. A..BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). "A preliminary injunction is an extraordinary and drastic remedy," that "is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal quotations omitted). Instead,

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

---

[1] Given that Plaintiff requests permanent relief and the fact that both parties have received notice and been heard on this matter, the Court analyzes Plaintiff's motion as if it seeks a preliminary injunction and not a temporary restraining order. *See* Fed. R. Civ. P. 65(b).

ORDER - 2

his favor, and that an injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Where, as here, a mandatory injunction is sought—that is, an injunction which requires a party to take an affirmative action and alter the status quo—courts must be "extremely cautious." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). A mandatory injunction "should not be issued unless the facts and law clearly favor the moving party" or "unless extreme or very serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1114–15 (9th Cir. 1979) (internal quotation marks and citations omitted).

In civil actions regarding prison conditions, the Prison Litigation Reform Act requires that preliminary injunctive relief "be narrowly drawn, extend no further than necessary to correct the harm . . . and be the least intrusive means necessary." 18 U.S.C. § 3626(a)(1)(C)(2). Additionally, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system." *Id.*

### III. ANALYSIS

**A. Standing**

Plaintiff must have standing to obtain a preliminary injunction. *See Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012). To have standing, he must show that he suffers an injury that is concrete, particularized, actual or imminent, and not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Here, Plaintiff alleges that he suffered and continues to

ORDER - 3

1 suffer various physical injuries as a result of being exposed to
2 constant illumination while housed in the IMU.  However, Plaintiff's
3 injury is not ongoing because he is no longer housed in the IMU and
4 subjected to constant illumination.  Therefore, to have standing, he
5 must establish "a sufficient likelihood that he will again be wronged
6 in a similar way."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111
7 (1983).  This he has not done.[2]

8 Plaintiff repeatedly argues that he may be placed back in the
9 IMU.  Decl. of Jason Sutton, ECF No. 29 at 1 ("I may once again be
10 transferred to said Unit(s) [the IMU] in the future.  This is
11 foreseeable."); Plaintiff's Motion for a Preliminary Injunction or
12 Temporary Restraining Order, ECF No. 29 at 4 ("[A]t any time or at any
13 moment, Mr. Sutton can possibly be restrained once again, and then
14 housed (once again), in Segregation/Isolation."); *id.* at 5 ("It is
15 expected that Plaintiff will end up back in the Segregation Unit(s) at
16 any moment."); *see also* Decl. of Jason Sutton, ECF No. 33 *passim*.
17 However, Plaintiff's argument fails because he does not provide any
18 evidence to support it.  *See Brown v. Or. Dept. of Corr.*, 751 F.3d
19 983, 990 (9th Cir. 2014) (affirming grant of summary judgment to
20 defendants "because the record shows that [the plaintiff] has been
21 released from the IMU and there is no evidence that he is likely to
22 again be subject to the challenged conditions").  Plaintiff was placed
23 in the IMU before filing this suit because he assaulted another
24 prisoner.  ECF No. 7, at 4.  Although it is certainly possible that

---

25 [2] Because Plaintiff's motion for class certification was denied, *see* ECF No. 31, the Court does not consider Plaintiff's submission of affidavits from
26 other prisoners detailing their injuries.  Injury to another person cannot establish standing for Mr. Sutton, who is the only plaintiff in this case.

ORDER - 4

Plaintiff may again be placed in the IMU for this or another reason, there is an equal or even greater possibility that he will not. Indeed, given Plaintiff's experience in the IMU, it seems likely that Plaintiff will avoid conduct that may result in him being returned to the IMU.

The Court finds that Plaintiff has not established that he suffers an imminent injury, as opposed to a hypothetical one. *See Lujan*, 504 U.S. at 560. As in *Lyons*, the legality of the constant illumination Plaintiff was subjected to will be determined on the merits in the present suit for damages, so Plaintiff has an adequate remedy at law for the past injury he suffered. *See Lyons*, 461 U.S. at 111. Plaintiff does not have standing to seek a preliminary injunction.

**B.   Likelihood of Irreparable Harm**

Even if Plaintiff had standing to seek a preliminary injunction, he would not be entitled to one because he has not met the requirements. *See Winter*, 555 U.S. at 20 (setting forth the requirements). Plaintiff has not demonstrated that he is likely to suffer irreparable harm unless a preliminary injunction is issued. As discussed above, Plaintiff has not shown that he will once again be placed in the IMU, and his statements that he may be placed there are unsupported. Additionally, Plaintiff's allegations detailing his continuing physical ailments resulting from past constant illumination, *see* ECF No. 29 at 4, do not establish a likelihood of irreparable harm because even if the Court were to order that constant

ORDER ~ 5

illumination in the IMU cease, Plaintiff would continue to suffer the alleged physical effects.

## C.     Balance of Equities and Public Interest

Plaintiff also fails to demonstrate that a preliminary injunction would be in the public interest or that the balance of equities is in his favor.  Plaintiff argues that the threat of harm to him is greater than the harm to Defendants.  ECF No. 29 at 5.  He also argues that a preliminary injunction is in the public interest because it would prevent prisoners subjected to constant illumination from potentially taking out their anger at the practice on prison officials while they are confined or on innocent citizens after they are released.  *Id*.  Defendants respond that the constant illumination in the IMU serves an important security interest and protects staff and inmates.  ECF No. 30 at 11; *see also* Decl. of Juan Palomo, ECF No. 30-2 (explaining security and safety reasons for constant illumination in the IMU).  Defendants also argue that "the public has a strong interest in giving state correctional officials the discretion to manage correctional facilities."  ECF No. 30 at 11.

The Court finds that the security and safety of prison officials and inmates housed in the IMU are important interests that could be harmed by a preliminary injunction requiring that the lights be turned off.  The Court declines to consider Plaintiff's conjectural argument about harm that may be inflicted by prisoners angry about the practice of constant illumination.  The Court understands the potential harm to Plaintiff that could be caused by constant illumination if he were to be returned to the IMU but, for the reasons discussed above, finds

that this hypothetical scenario does not tip the balance of equities in Plaintiff's favor or outweigh the public interest in prison safety and security.  For this reason as well as those given above, Plaintiff is not entitled to a preliminary injunction.

**D.   Likelihood of Success on the Merits**

As Plaintiff suggests, ECF No. 29 at 2-3, the Court is familiar with the Ninth Circuit case law regarding constant illumination. However, given the Court's findings above that Plaintiff lacks standing and does not fulfill the other requirements to obtain a preliminary injunction, the Court finds that the merits of this case are more properly analyzed at summary judgment with a full record or at trial than at the preliminary injunction stage.

### IV.   CONCLUSION

The Court finds that Plaintiff does not have standing to obtain a preliminary injunction and that even if he did have standing, Plaintiff has not met the requirements for issuance of a preliminary injunction. Accordingly, **IT IS HEREBY ORDERED**, Plaintiff's Motion for a Preliminary Injunction or a Temporary Restraining Order, **ECF No. 29**, is **DENIED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel and Plaintiff.

**DATED** this   7th   day of April 2015.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                    Senior United States District Judge

Q:\EFS\Civil\2014\5055.deny.mot.pi.lc2.docx

ORDER - 7