1

2

3

4

5                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
6

7   JASON LEE SUTTON,                    No.  4:14-CV-5055-EFS

8                    Plaintiff,

                                         **ORDER GRANTING PLAINTIFF'S MOTION
9          v.                            FOR VOLUNTARY DISMISSAL**

10  BERNARD WARNER, STEVEN
    SINCLAIR, JUAN PALOMO and
11  CHARLES PEASE,

12                   Defendants.

13

14        Plaintiff has moved to dismiss his case pursuant to Federal Rule

15  of Civil Procedure 41(a)(1). ECF No. 58. Defendants filed their

16  Response. ECF No. 62.  Defendants do not object to the dismissal but

17  suggest the Court exercise its discretion as to whether the dismissal

18  should be with prejudice, whether conditions should be included, and

19  whether terms should be awarded. The Court has carefully reviewed the

20  Plaintiff's Motion and the Response of the Defendants. For the reasons

21  stated below, the Court GRANTS Plaintiff's Motion to Dismiss.

22        Federal Rule of Civil Procedure 41(a) governs voluntary

23  dismissal and provides in relevant part:

24        "(1) *By the Plaintiff.*
               (A) *Without a Court Order.* Subject to Rules 23(e),
25             23.1(c), 23.2, and 66 and any applicable federal
               statute, the plaintiff may dismiss an action without a
26             court order by filing:

ORDER - 1

1                    (i)   a notice of dismissal before the opposing
                           party serves either an answer or a motion
2                          for summary judgment; or
                    (ii)  a stipulation of dismissal signed by all
3                          parties who have appeared.
              (B) *Effect.* Unless the notice or stipulation states
4                  otherwise, the dismissal is without prejudice. But if
                   the plaintiff previously dismissed any federal- or
5                  state-court action based on or including the same
                   claim, a notice of dismissal operates as an
6                  adjudication on the merits.

7          (2) *By Court Order; Effect.* Except as provided in Rule
              41(a)(1), an action may be dismissed at the plaintiff's
8              request only by court order, on terms that the court
              considers proper. . . . Unless the order states otherwise,
9              a dismissal under this paragraph (2) is without prejudice.

10   Fed. R. Civ. P. 41(A).

11         Because Defendants have served a motion for summary judgment,

12   this case can only be dismissed by a stipulation of dismissal signed

13   by all parties or by court order.  *Id.*

14         A motion for voluntary dismissal "is addressed to the district

15   court's sound discretion." *Stevedoring Servs. of Am. v. Armilla Int'l*

16   *B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).  "When ruling on a motion to

17   dismiss without prejudice, the district court must determine whether

18   the defendant will suffer some plain legal prejudice as a result of

19   the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94,

20   96 (9th Cir. 1996).  Legal prejudice is "prejudice to some legal

21   interest, some legal claim, [or] some legal argument." *Id.* at 97.

22   Legal prejudice does not arise from the prospect of a second lawsuit,

23   tactical advantage gained by the plaintiff, or a missed opportunity to

24   receive a ruling on the merits. *Watson v. Clark*, 716 F. Supp. 1354,

25   1355 (D. Nev. 1989).  The court should "consider such factors as the

26   defendant's effort and expense of preparation for trial, excessive

ORDER – 2

delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *see also Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969); *see also Arias v. Cameron*, 776 F.3d 1262, 1275 (11th Cir. 2015) (stating that the court should "weigh the equities" when deciding a motion to voluntarily dismiss).

Here, this case was served on Defendants one year ago. *See* ECF Nos. 16–20. Defense counsel appeared on August 22, 2014, ECF No. 21, and the Scheduling Conference was held on December 17, 2014, ECF No. 25. Defendants have not yet had to prepare for trial, but they have had to respond to a motion for class certification, a motion for a preliminary injunction, and the currently pending motions. Defendants also prepared and filed their motion for summary judgment. ECF No. 46. There is no indication of excessive delay or lack of diligence on the part of the *pro se* plaintiff. Plaintiff filed this motion recognizing the deficiencies in his complaint and has no immediate plans to re-file the same claims unless he is again placed in segregation. In granting the Plaintiff's motion to dismiss, the Defendants will not experience legal prejudice. Additionally, the factors weigh in favor of granting voluntary dismissal.

Courts often condition dismissal without prejudice on payment of defendant's costs and attorneys' fees, but this is not required. *Stevedoring Servs.*, 889 F.2d at 921. Here, because Plaintiff has been granted leave to proceed *in forma pauperis*, awarding costs and fees

1  would not be practical.   ECF No. 10.   However, Rule 41(d) allows the

2  Court  to  impose  costs  of  a  previously  dismissed  action  if  the

3  plaintiff re-files:

> (d) Costs of a Previously Dismissed Action. If a plaintiff
> who previously dismissed an action in any court files an
> action based on or including the same claim against the
> same defendant, the court:
>      (1) may order the plaintiff to pay all or part of the
> costs of that previous action;
>      and
>      (2) may stay the proceedings until the plaintiff has
> complied.

9  Fed. R. Civ. P. 41(d).

10      The Court declines to award terms or impose conditions at this

11  time.  However,  if  the  Plaintiff  refiles  a  complaint  with  the  same

12  claims or that includes the same claims, the Defendants may bring a

13  motion under Rule 41(d). The Court expresses no position on the merits

14  of such motion.

15      The Court, therefore, grants the Plaintiff's motion to dismiss

16  without prejudice.

17      **IT IS HEREBY ORDERED:**

18      **1.**    The  Plaintiff's  Motion  for  Dismissal,  **ECF  No.  58**,  is

19          **GRANTED.**

20      **2.**    All  claims  are  **DISMISSED**  WITHOUT  **PREJUDICE,**  with  all

21          parties to bear their own costs and attorneys' fees.

22      **3.**    All pending motions are **DENIED AS MOOT.**

23      **4.**    All hearings and other deadlines are **STRICKEN.**

24      **5.**    The Clerk's Office is directed to **CLOSE** this file.

25  //

26  //

ORDER – 4

1        **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this

2   Order and provide copies to all counsel.

3        **DATED** this 18<u>th</u> day of August 2015.

4

5                         s/Edward F. Shea
                         _____
                              EDWARD F. SHEA
6                     Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26